PEOPLE, PLAINTIFF AND APPELLEE, *v.* RODRÍGUEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in a Prosecution for a Crime Against the Revenue.

No. 2112.—Decided June 27, 1924.

CRIME AGAINST THE REVENUE—EVIDENCE—NEW TRIAL.—The district attorney offered in evidence, without stating for what purpose, a certificate from the

municipal secretary showing that the defendant, charged with a crime against the public revenue, had been removed from the office of commissioner of finance by the council of administration because of irregularities in the account books of the municipality. That evidence was held to be inadmissible and a new trial was ordered.

The facts are stated in the opinion.

*Messrs. Martínez Nadal, Tormes & Colón,* and *C. del Toro Fernández* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

Hercilio Rodríguez was convicted of a crime against the revenue and sentenced to one year in the penitentiary.

He appealed from the judgment and in his brief assigns several errors, but owing to the conclusion that we have reached it will be necessary to consider only the seventh assignment referring to the admission in evidence by the trial court of a certificate issued by the Secretary of the Municipality of Yauco containing a resolution of the Council of Administration suspending the defendant from the office of Commissioner of Finance for irregularities found in the accounting of the municipality.

The *Fiscal* of this court admits that this was error, but adds that it was rather a technical one which did not prejudice the substantial rights of the defendants. This, however, is a conclusion of the *Fiscal* and he supports it by no argument or citation of authorities.

The defendant took exception to the ruling of the court in admitting the said document in evidence and stated the grounds of his objection. The district attorney did not explain the purpose or object of offering the document in evidence. But as this evidence had not the slightest bearing on the criminal acts with which the defendant is charged, it must be presumed that the purpose of the district attorney was to raise an inference or presumption that the defendant committed the crime charged. In this view of the matter the evidence was manifestly irrelevant and prej-

udicial to the substantial rights of the defendant. Independently of the rest of the evidence it could create a prejudice or probability of guilt in the minds of the jury, and for this reason and because it was entirely unnecessary, that evidence should not have been offered by the district attorney and much less admitted by the trial court. It only resulted in obstructing the plain course of the proceedings and it is always to be lamented that a proceeding should be detained and have to be begun again when without such a useless step perhaps the ends of justice would have been reached.

For the foregoing reasons the judgment is reversed and the case is remanded for a new trial.

*Reversed and remanded.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.